Catherine LENARD, Plaintiff,

v.

GREENVILLE MUNICIPAL SEPARATE SCHOOL DISTRICT et al., Defendants.

No. GC 76–101–S.

United States District Court,
N. D. Mississippi,
Greenville Division.

March 31, 1977.

Charles Victor McTeer, McTeer, Walls, Bailey & Buck, Greenville, Miss., for plaintiff.

Eugene M. Bogen, Bogen & Bogen, Greenville, Miss., James A. Becker, Jr., Watkins & Eager, Jackson, Miss., for defendants.

MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The action sub judice is before the court on two motions filed by the school district (district). First, the district moves the court for a protective order pursuant to Fed.R.Civ.P. 26(c). Second, the district moves the court to dismiss and/or for summary judgment, pursuant to Rule 12(b)(6) and Rule 56(c), respectively. The court also has for consideration plaintiff's motion to

compel answers to interrogatories pursuant to Fed.R.Civ.P. 37.

The parties have submitted extensive briefs and affidavits and have orally argued the motions before the court.

The complaint alleges that plaintiff Catherine Lenard, a black person, was employed as a social welfare worker by the district under separate contracts for each of the school years 1969–70 to and including the year 1972–73; that despite a bad evaluation in June, 1973, and in August, 1973, plaintiff was offered employment by the district for the year 1973–74; that when the district discovered she was pregnant, a fact which was known to her in June, 1973, the offer of employment was withdrawn; that in January, February and May, 1974, plaintiff applied for a position as a teacher's aide but was not hired; that from August, 1973, when plaintiff's pregnancy became an issue, until at least January 9, 1975, the district maintained a policy and practice that pregnant female employees resign their employment.

Plaintiff filed a charge against the district with the Equal Employment Opportunity Commission (EEOC) on September 5, 1974, which stated:

Complainant was forced to leave her job due to a pregnancy. Such discrimination charge acts to penalize, discharge and otherwise terminate complainant from her employment totally because of her sex. This is a class complaint. The class consisting of all female persons discharged from their employment with the charged party solely on the basis of their pregnancy.

The charge was processed by EEOC and a right-to-sue letter issued April 13, 1976. Plaintiff was advised that she had the right to institute a civil action against the district under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. The action was filed July 13, 1976.

The district contends that the charge was not timely filed and that plaintiff cannot, for that reason, pursue an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. The Act provides in

§ 2000e–5(e) that "[a] charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . ." It is, therefore, apparent that if the time for the filing of the charge with EEOC is to be computed from the time when plaintiff charges defendant withdrew the offer of employment, August 1973, the charge was not made within the period provided by the statute. In such event, the court does not have jurisdiction of the action under the Civil Rights Act. Satisfaction of the statutory requirement is an absolute prerequisite to the commencement of a Title VII suit. *Alexander v. Gardner-Denver Company,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147, 157 (1974); *East v. Romine, Inc.,* 518 F.2d 332, 336 (5th Cir. 1975); *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 460 (5th Cir. 1970).

Plaintiff recognizes that meeting the filing requirement of the statute is a prerequisite to a Title VII action. She contends, however, that the facts developed by the record establish a continuing practice of discrimination by the district against pregnant women during the period here involved. To support this argument, plaintiff alleges that she sought reemployment by the district in January, February and May of 1974 and was not hired because of an established pattern or practice of discrimination against pregnant women.

To analyze this position, the facts, as shown by the record, must be reviewed. Plaintiff was given a separate contract for each of the school years 1969–70, 1970–71, 1971–72, and 1972–73. She was employed by the district as a Social Welfare Worker, a position financed by federal funds.

In June, 1973, she was given a bad evaluation by the school authorities in charge of her work. However, despite this evaluation, plaintiff charges that the school official who was then assembling the staff offered her a position, which she expressed a desire to accept. Plaintiff was then pregnant. This condition had been known to her since June, 1973, but was unknown to

the school official. Plaintiff charges that when this fact was discovered by the school official, the offer of employment was withdrawn. Plaintiff was not then an employee of the district.

Plaintiff alleges that in January, February and May, 1974, she applied for employment with the district in a lesser position—that of teacher's aide—but that she was not hired. The reason given by the district was that she was not qualified because she did not hold a teacher's certificate. Plaintiff charges, on information and belief, that for the school year 1973–74, a number of persons were hired who did not hold such a certificate. She then charges that, pursuant to policies and practices promulgated by the district, women who have not been re-hired or who have resigned because of pregnancy would be given preferential consideration for reemployment over first applicants. Seizing upon this policy as a basis for her argument, plaintiff charges that she was the subject of discrimination on account of sex when the district did not reemploy her in January, February or May, 1974. Therefore, she contends that her charge was filed with the EEOC within the 180 day statutory period.

The parties have filed excellent memoranda on the question and the court has made an exhaustive independent search for cases discussing the issue.

■ The court is of the opinion that the issue should not be resolved on the pleadings above. The facts surrounding the question have not been as fully developed as is required on a motion for summary judgment. There may well exist a genuine issue as to a material fact. If so, this would prevent the rendition of summary judgment. The safest and most desirable course to pursue is to permit the parties to develop the pertinent facts at trial. The court will enter an order overruling the motion to dismiss and/or for a summary judgment.

■ This brings the court to the question of whether plaintiff may use the action sub judice as a vehicle to challenge "across the board" certain alleged policies and practices of the district said by plaintiff to have the effect of perpetuating discrimination against members of the black race.

The race issue was not raised in plaintiff's charge filed with EEOC. The charge was devoted entirely to the sex question. The EEOC, however, in its determination issued a statement after its investigation of the charge

The Commission has authority to make determinations on issues arising during the course of the investigation which are like and related to the Charging Party's allegations. [Citations omitted] Like or related to the Charging Party's allegations is the consideration of segregated job classifications.

Of the six persons holding the title of supervisor and the four holding the title of director, none are Black.

I further note that the representation of Black persons in central administrative and supervisory positions generally (three of 22 persons, or 14 percent) and in clerical positions (13 of 40 persons, 32.5 percent) is significantly below the proportion of the general population that is Black.

Plaintiff charges in the first paragraph of the complaint "that the defendants, its agents and/or representatives have pursued certain policies and practices which have the purpose and effect of denying to Black people equal employment opportunity." The class which plaintiff seeks to represent on this issue is shown in the complaint to be composed of all black and female persons adversely affected by the policies, and practices complained of in the complaint.

Plaintiff alleges in the complaint that the offer of employment made in August, 1973, was withdrawn "solely because she was pregnant" She does not charge that the withdrawal of the offer had any relationship to her race. Plaintiff's only charge which has any relationship to the race issue is that she was "denied 'preferential or other consideration for employment' due to defendants' perpetration of their policy of forcing pregnant women to resign and *further due to their policy of giving whites preference in teacher's aide positions.*" (Emphasis supplied)

With the factual background related above, plaintiff seeks to litigate an across the board challenge on behalf of "all black and female persons adversely affected by the policies and practices" of the district.

The issues which plaintiff seeks to litigate, inter alia, are all hiring, assignment and promotion policies and practices of the district.

Initially the court questions the standing of plaintiff to prosecute such an across the board action. But, assuming arguendo that plaintiff has standing to bring an action of such magnitude, she is precluded from doing so because of the injunctive relief afforded all black people in the original school desegregation suit appearing on the court's docket as NO. GC 70–8–S, *Doris Edwards, et al, plaintiffs v. Greenville Municipal Separate School District, et al, defendants.* In that action, the court, on April 7, 1970, entered an order which provided in part as follows:

That the defendants and other parties mentioned in the preceding paragraph shall be and they hereby are permanently enjoined from discrimination on the basis of race or color in the operation of the Greenville Municipal Separate School District school system. As set out more particularly in the body of this order, they shall take affirmative action to disestablish all school segregation and to eliminate the effects of the dual school system.

This part of the decree provided injunctive relief for every person who might suffer from racial discrimination at the hands of the district in the operation of its schools. Further injunctive relief against the district is neither needed or necessary.

The court in several prior cases against the district in which racial discrimination has been charged has denied the right of the aggrieved party to prosecute a class action. The court has, however, entertained an action on behalf of the aggrieved individual. Such as the case here. The court holds that plaintiff may pursue her personal remedy in the action sub judice, but may not here launch an "across the board" attack on the policies and practices of the district.

The court will enter an order determining that the action shall not be prosecuted as a class action on the across the board challenge.

Finally, the court will dispose of the discovery problems.

Plaintiff has requested copies of the annual reports filed by the district with the court in *Edwards.* These reports are available for inspection and/or copying by plaintiff in the clerk's office. They are also available for inspection and/or copying by plaintiff in the business office of the district. The availability of the records should solve this problem. The court does not feel that the district should be required to make copies for the use of plaintiff, since she can secure her own, if such she desires.

At the time the complaint was filed, interrogatories were served on the district. Plaintiff's motion is directed to these interrogatories. The court has reviewed the interrogatories and finds that the district should fully answer Interrogatories 1, 2, and 3 but such answers may be limited to the period of time from the 1969–70 school year to the present time. This period covers the time of plaintiff's employment by the district.

Interrogatories 4, 5, 6, and 7, do not pertain to plaintiff's individual complaint. The district would face a heavy burden and expense, if required to answer the interrogatories. The court finds that the district's motion for a protective order should be sustained as to information of the type sought by these interrogatories.

The court will enter the appropriate order.