Anthony OBIAJULU, Plaintiff,

v.

CITY OF ROCHESTER, DEPARTMENT OF LAW, Louis N. Kash, Esq., Individually and as Former Corporation Counsel of the City of Rochester, Linda S. Kingsley, Esq., Individually and as Corporation Counsel of the City of Rochester, Michael J. Looby, Esq., Individually and as Deputy Corporation Counsel of the City of Rochester, and Peter C. Nelson, Esq., Individually and as Agent of the City of Rochester, Department of Law, Defendants.

No. 95–CV–6192.

United States District Court, W.D. New York.

April 29, 1996.

Roy W. King, Rochester, NY, Rozetta Darby McDowell, Pittsford, NY, for plaintiff and Anthony Obiajulu, Rochester, NY, plaintiff pro se.

Margaret A. Clemens, Nixon, Hargrave, Devans & Doyle L.L.P., Rochester, NY, Michael J. Looby, Rochester, NY, Charles A. LoFaso, City of Rochester, Rochester, NY, Jack D. Eisenberg, Rochester, NY, Sanford R. Shapiro, Shapiro, Rosenbaum & Liebschutz, Rochester, NY, and Roger W. Avery, Rochester, NY, for defendants.

### DECISION AND ORDER

FELDMAN, United States Magistrate Judge.

#### PRELIMINARY STATEMENT

Plaintiff, a former municipal attorney with the defendant City of Rochester (City), commenced this employment discrimination action against his former employer and several individual defendants. Plaintiff, who is black, claims he was terminated from his employment with the City on March 3, 1994 because of his race and because he expressed opposition towards what he perceived to be discriminatory animus of the defendants directed to both himself and his wife, who was also a municipal attorney with the City. By order dated November 20, 1995, Chief Judge Larimer referred this matter to me for supervision of discovery, including all motions concerning discovery. Currently before the Court are plaintiff's motion to compel (Docket No. 19) and defendant City's cross motion for a protective order and motion to compel (Docket No. 19).

#### THE CURRENT DISCOVERY DISPUTE

To describe the discovery proceedings in this matter as contentious is like describing the Empire State Building as tall. Discovery demands served by both sides have routinely been met with objections, followed by a flurry of motion papers and, as a matter of course, cross motions for sanctions. The parties have appeared before this Court on several occasions and, much to this Court's disappointment, seem unable to cooperate

with each other in even the most rudimentary matters. There is enough blame to spread among all parties, but the unfortunate result is that this Court is relegated to the time consuming and disagreeable task of having to "micro-manage" both this litigation and the conduct of counsel.[1]

On September 29, 1995 plaintiff served upon all defendants his first request for production of documents. Defendant City of Rochester served its response to plaintiff's demand on November 29, 1995. (See Exhibit "A" annexed to plaintiff's motion to compel.) In his motion to compel plaintiff complains that the City's response is inadequate, incomplete and improper. The City replies that it will produce for plaintiff what it considers "responsive" and "relevant" documents, but seeks a protective order with respect to several issues underlying plaintiff's document demands.

Before addressing each of the topics for which the City seeks a protective order, I am compelled to comment generally on the type of objections the City utilized in responding to plaintiff's discovery demands. These objections invariably recite virtually the same verbiage to each document request, repeating the familiar boilerplate phrase that each and every request is "vague, overly broad, unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant evident" and, further, that each request "seeks information and material protected by the attorney client, work product doctrine or other privilege".

 Such pat, generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure. An objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded. *Roesberg v. Johns–Manville Corp.*, 85 F.R.D. 292 (E.D.Pa.1980). The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the

broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure.

A party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome or overly broad. Instead the party resisting discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad.

*Gheesling v. Chater*, 162 F.R.D. 649, 650 (D.Kan.1995). Moreover, a general claim of privilege, be it work product or attorney client, is an inadequate response to a discovery request. Federal Rules of Civil Procedure 26(b)(5) *requires* the party withholding information otherwise discoverable by claiming a privilege to "describe the nature of the documents ... in a manner that ... will enable other parties to assess the applicability of the privilege or protection" asserted.

The frustration expressed by plaintiff with respect to the City's boilerplate and non-specific objections to his discovery demands is shared by this Court and, quite frankly, only serves to fuel the hostility between the parties. Defendants are cautioned that their continued failure to follow the Federal Rules of Civil Procedure with respect to making specific objections to discovery demands may result in unwanted consequences. That being said, I now turn to the five specific claims for relief sought in the City's motion for protective order.

1. *Limiting the Scope of Documents Requested to the City of Rochester Law Department:* In their motion for a protective order the City complains that the plaintiff's document demands are overbroad and burdensome because they require the City to produce documents "encompassing all units of City government for the last fifteen years". *See* Affidavit of Margaret Clemens, Esq. at ¶ 21. The City seeks to limit the scope of the documents that they must produce to those

---

1. Plaintiff is a member of the Bar of the State of New York, is admitted to practice in the Western

District of New York and is proceeding *pro se.*

documents concerning Department of Law employees only.[2]

Although plaintiff has alleged **individual** disparate treatment in connection with his employment with the City, "evidence relating company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive." *Hollander v. American Cyanamid Company*, 895 F.2d 80, 84 (2d Cir.1990). *See also Scales v. J.C. Bradford and Co*, 925 F.2d 901, 906 (6th Cir.1991) ("It is well settled that information concerning an employer's general employment practices is relevant even to a Title VII individual disparate treatment claim.").

Despite this broad scope of discovery permitted in Title VII actions, there are appropriate limits that may be imposed in order to balance the needs and rights of both plaintiff and defendant. *Earley v. Champion International Corp.*, 907 F.2d 1077 (11th Cir., 1990) (limiting discovery in Title VII cases to employing unit); *James v. Newspaper Agency Corp.*, 591 F.2d 579 (10th Cir. 1979) (limiting discovery in gender discrimination case to plaintiff's department); *Haselhorst v. Wal–Mart Stores, Inc.*, 163 F.R.D. 10 (D.Kan.1995) (discovery limited to employing unit); *Rodger v. Electronic Data Systems*, 155 F.R.D. 537 (E.D.N.C.1994) (appropriate scope of discovery in age discrimination case was relevant operations division). The clear guidance provided by these cases is that discovery may appropriately be limited to employment units, departments and sections in which employees similarly situated to plaintiff are employed. *Bryant v. Food Lion, Inc.*, 774 F.Supp. 1484, 1489 (D.S.C. 1991).

In this case I find that the most appropriate unit of "similarly situated" employees to plaintiff are those employees classified by the City as Administrative, Professional and Technical ("APT"). It is worth noting that many of plaintiff's document demands seek documents relating only to the City's Law Department and, accordingly, do not suffer from the defect claimed by the City. Nevertheless, to the extent plaintiff's document demands seek information or documents for all City employees or are not limited to APT employees, the City's motion for a protective order is granted.

**2.** *Limitations as to the Time Period of Relevant Discovery:* With some limited exceptions, plaintiff's document demands seek the production of documents for a period of time beginning in 1985, the year before he began his employment with the City. The City objects to providing document going back eleven years as unduly burdensome and seeks a protective order. In their motion papers, the City urges the Court to allow discovery beginning three years prior to the commencement of plaintiff's lawsuit, which would include documents from April, 1992 and forward. As noted above, Courts have exercised discretion in discrimination cases by placing reasonable limits on the time periods for which discovery must be produced. *See, e.g., Miles v. Boeing Co.*, 154 F.R.D. 117, 120 (E.D.Pa.1994) (discovery allowed for a period of two years from date of alleged discrimination).

Given the allegations set forth in plaintiff's complaint, I believe the three year time period suggested by the City is reasonable and, therefore, to the extent plaintiff's demands seek documents from an earlier time period, the City's motion for a protective order is granted. This protective order does not, of course, relieve the City from producing documents that may have been created previous to 1992 but reflect policies, procedures, or employment practices during the relevant time period as set forth herein. Moreover, this protective order does not, in any way, limit the plaintiff's right to production of his entire personnel file, regardless of when the documents contained therein were created. (See document request No. 1).

---

**2.** During oral argument, counsel for the City represented that there are between twelve and fifteen lawyers in their Law Department compared with approximately 3,000 employees in all units of city government.

**3.** *Personnel Records:* In their moving papers, the City claims that plaintiff "seeks discovery of the personnel records of all individuals employed by the City in any capacity" (Affidavit of Margaret Clemens, Esq. at ¶ 19) and seeks a protective order from this Court. My review of plaintiff's demands indicate that the requests which may be construed to seek documents from an employee's personnel file are limited to Law Department employees. (For example, plaintiff's document demands numbered 7, 8, 9, 11, 12, 13, 14, 15 and 16 all explicitly limit the scope of the demand to documents relating to Law Department employees.) The City has consented to providing plaintiff with "relevant responsive information pertaining to the personnel records of City of Law Department employees". (Affidavit of Margaret Clemens, Esq. at ¶ 20). I therefore am puzzled by the City's claim, contained in both their moving papers and memorandum of law, that the demands of plaintiff somehow require them to open to plaintiff's inspection all personnel records of all City employees. While it is true that personnel records have, in appropriate circumstances, been afforded special protection from discovery because they often contain confidential personal information, *Gehring v. Case Corp.*, 43 F.3d 340, 342 (7th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 2612, 132 L.Ed.2d 855 (1995), plaintiff here seeks nothing more than what the City has already consented to produce. To the extent I may have misinterpreted plaintiff's demands and they do seek production of the personnel files of non-department of law employees, plaintiff must apply directly to this Court for such production, giving notice to the City, and setting forth in detail a particularized need for such disclosure.

**4.** *Place of Production:* The City represents that because the documents it will produce in response to plaintiff's demands are voluminous, it is unfair and burdensome for the City to have to pay for copying and mailing. I agree. Rule 34 allows the plaintiff "to inspect and copy" relevant documents and does not require a responding party to pay for copying costs of voluminous materials. *See Lenard v. Greenville Municipal School District*, 75 F.R.D. 448, 451 (N.D.Miss.1977). Therefore, plaintiff shall have access to the documents demanded at defense counsel's offices. Plaintiff may inspect and copy whatever documents he wishes by either bringing in his own portable copying machine or by paying defense counsel reasonable copying costs not to exceed $.10 per page. The City is reminded of its obligations to "organize and label [the documents] to correspond with each category set forth in plaintiff's demand." Fed.R.Civ.P. 34(b).

**5.** *Confidentiality Order:* Due to the sensitive nature of the documents being produced by both sides, particularly with respect to personnel records and legal files maintained by the City, the parties agree that a confidentiality order regulating their ability to disclose information exchanged during discovery is appropriate. Unfortunately, the parties have been unable to agree on the language of such an order.

I have reviewed the proposals submitted by both plaintiff and the City. I believe that the City's proposed confidentiality order is best suited to this case. The City's order grants each party the right, in the first instance, to designate a particular document being produced as confidential. The City's order further provides that in the event a party disagrees with the designation of information as confidential, the party may challenge the designation by application to this Court. However, paragraph 3 of the City's proposed confidentiality order should be amended to substitute the words "opposing counsel" for the words "defendant's counsel's".

For the reasons set forth above, I grant the City's request for a protective order requiring execution of the confidentiality order before being required to produce the documents demanded.

### CONCLUSION

For all of the foregoing reasons, the City's application for a protective order is granted in part and denied in part. The City of Rochester shall produce responsive documents to plaintiff, consistent with the provi-

sions of this decision, within fourteen days after plaintiff signs the confidentiality order.