**Robert L. COKER and Tami L. Coker, Plaintiffs,**

v.

**DUKE & COMPANY, INC., et al., Defendants.**

**CIV.A. No. 97–D–839–N.**

United States District Court, M.D. Alabama, Northern Division.

Feb. 20, 1998.

Andrew P. Campbell, Elizabeth B. Anthony, Campbell & Waller, Birmingham, AL, for Plaintiffs.

Chandler K. Standard, Laura D. Joyner, Stanard & Mark, P.C., Mobile, AL, for Defendants.

### ORDER

CARROLL, United States Magistrate Judge.

## I. INTRODUCTION AND PROCEDURAL HISTORY

On May 27, 1997, the plaintiffs, Robert L. Coker and Tami L. Coker, filed this action against Duke & Co., Inc., Hanifen Clearing Corp., Scott D. Harris and Paul Owens. Harris was dismissed as a defendant on October 28, 1997. The plaintiffs' complaint asserts claims for fraud, suppression, deceit, conversion, breach of fiduciary duty, violations of the Alabama Securities Act, and the Securities Act of 1934. On November 10, 1997, the plaintiffs served their First Request for Production of Documents on defendant Duke & Co. On December 18, 1997, the plaintiffs filed a motion to compel responses to Requests Nos. 7, 8, 9, 15, 16, 18, 26 & 30. A hearing was held on the motion on January 13, 1998. On January 14, 1998, the court ordered further responses from the parties.

## II. DISCUSSION

### THE WAIVER ISSUE

The plaintiffs contend that Duke & Co. has waived its right to object by failing to provide a written response, including objections to the Request for Production of Documents. Under the provisions of Rule 34(b) of the Federal Rules of Civil Procedure governing requests for production of documents,

> The party on whom the request is served is shall serve a *written* response within 30 days after the service of the request.... The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to,

in which event, the reasons for the objection shall be stated.

Generally, in the absence of an extension of time or good cause, the failure to file a written response in the time fixed by the rule constitutes a waiver of any objection. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Krewson v. City of Quincy*, 120 F.R.D. 6 (D.Mass.1988). *See also In Re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) (as a general rule, when a party fails to object timely to interrogatories, production requests or other discovery efforts, objections are waived).

Duke & Co. has filed no request for extensions of time or objections. Normally, that lack of activity would constitute a waiver. In this case, however, according to the undisputed representations of counsel, Duke & Co. has not ignored the request for production of documents. Indeed, some documents have been produced and plaintiffs' counsel were told at depositions in Montgomery that certain documents would not be produced. Counsel for Duke & Co. are cautioned that the rule plainly requires a written response and that they take a significant risk for their clients when they do not do what the rule requires. Under the circumstances of this case, however, the court finds that Duke & Co. has shown good cause for their failure to file a written response.

## THE RELEVANCY STANDARD

Under the Federal Rules of Civil Procedure, parties may discover information which is relevant and non-privileged. Rule 26(b)(1), Federal Rules of Civil Procedure. Under the federal rules, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389–90, 57 L.Ed.2d 253 (1978). Courts are required to accord discovery a broad and liberal scope in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement. *Id.; Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Where there

is a doubt over relevancy, the court should still permit discovery. *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556 (7th Cir. 1984). However, the court may limit discovery of relevant material if it determines that the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Rule 26(b)(2)(iii). With these general principles in mind, the court will proceed to resolve the motion to compel.

*Request Number 1—The personnel files.*

The plaintiffs seek production of the personnel files of Scott Harris, Christine Correra, Paul Owen, and any other employee or agent of Duke & Co. who communicated with the plaintiffs. Duke & Co. correctly notes that there is a strong public policy against the discovery of personnel files. Consequently, the discovery of such files is permissible only if "(1) the material sought is clearly relevant and (2) the need for discovery is compelling because the information sought is not otherwise readily obtainable." *See Cooperman v. One Bancorp*, 134 F.R.D. 4 (D.Me.1991). The plaintiffs have failed to meet this burden. Their argument in support of this request makes only a general showing of relevance and no showing as to why the material which they seek is not available from other sources.

*Request Number 8—Information concerning terminated employees or employees who resigned.*

The plaintiffs seek the personnel files of employees or agents of Duke & Co. who were terminated by or departed from employment with Duke & Co. at any time, including all documents relating to such departure and all documents reflecting the reason for such departure. In essence, the plaintiffs seek all information and all documents relating to anyone who has ever been discharged from Duke & Co. or who has ever simply left their employment. Again, the plaintiffs have made no showing of specific

relevance. It is certainly without doubt that discharged employees may be a fertile source for evidence. That general statement does not translate into an entitlement for the broad information which the plaintiffs seek. Plaintiffs' request is overbroad. In addition, the plaintiffs have not made the showing necessary to require production of sensitive personnel information. Lastly, on the face of this record, the burden and expense of the production plainly outweighs its benefit. Rule 26(b)(2)(iii).

*Requests Nos. 9, 15 and 16—Lawsuits and complaints.*

■■ The plaintiffs, through Request for Production Nos. 9, 15 and 16, seek lawsuits, complaints, disciplinary proceedings and administrative claims asserted against Duke & Co. As a threshold matter, the information which the plaintiffs seek is routinely produced. Courts, in a variety of contexts, have affirmed the right of litigants to be informed about lawsuits and complaints filed against their adversaries. *See Cornelius v. Consolidated Rail Corp.,* 169 F.R.D. 250 (N.D.N.Y.1996); *Rodger v. Electronic Data Systems Corp.,* 155 F.R.D. 537 (E.D.N.C.1994). Information about other complaints is particularly relevant in cases where the allegation is fraud. *See, e.g., Ex Parte Horton v. Alfa Life Insurance Corp.,* CV–95–333, 1998 WL 57719 (Ala. February 13, 1998); *Pugh v. Southern Life and Health Ins. Co.,* 544 So.2d 143 (Ala.1989). Accordingly, the court rejects the argument of Duke & Co. that the information is not relevant.

■■ Duke & Co. also opposes the request on the ground that it is overbroad as to subject matter and time frame and that responding to the request would be unduly burdensome. The court agrees with the overbreadth objection. The request is clearly overbroad. This lawsuit is about fraud in the marketing and sale of securities. Consequently, only responses relating to the sale and marketing of securities would be rele-

vant. In addition, requests Nos. 15 and 16 are unlimited as to time. The plaintiffs have made no specific showing as to why 10 years of documents are necessary. It appears to the court that a five year period is more reasonable.

■■ The burdensomeness objection of the Duke & Co., however, is not well taken. Under well-settled law, the party resisting production bears the responsibility of establishing undue burden. *G–69 v. Degnan,* 130 F.R.D. 326, 331 (D.N.J.1990). Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate that position with detailed affidavits or other evidence establishing an undue burden. "An objection must show specifically how a [discovery request] is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." *Chubb Integrated Systems Limited, v. National Bank of Washington,* 103 F.R.D. 52, 59–60 (D.D.C.1984); *see also EEOC v. Quad/Graphics,Inc.,* 63 F.3d 642 (7th Cir.1995). The resisting party must make a particular and specific demonstration of fact and cannot rely on simple conclusory assertions about the difficulty of complying with a discovery request. *See Twin City Fire Ins. Co. v. Ford Motor Co.,* 124 F.R.D. 652 (D.Nev.1989). A mere showing of burden and expense is not enough. *Ericson v. Ford Motor Co.,* 107 F.R.D. 92 (E.D.Ark. 1985). In this case, Duke & Co. has not made a sufficient showing to sustain an objection that the requests for production concerning complaints would create an undue burden. The company will be required to respond to the requests with the modifications referenced above.

*Request Nos 18. and 26—Customer lists.*[1]

■■ The plaintiffs, through request Nos. 18 and 26, seek a list of all of the customers of the defendant without a time limit. The discovery of the names and addresses of customers is the subject of two recent opinions by the Alabama Supreme Court, *Ex*

1. The plaintiffs seek only information about Scott Harris in Request No. 26. Although he has been dismissed as a defendant, the plaintiffs apparently still seek information about him. Of course, Duke & Co. could still be liable for his activities under respondeat superior theory even though he is no longer a party.

*Parte Horton,* CV–95–333, 1998 WL 57719, and *Ex Parte Compass Bank,* 686 So.2d 1135 (Ala.1996), which, while non-binding on this court, are nonetheless persuasive. Those decisions provide a common sense balance between the right of a plaintiff to broad discovery in a fraud case and the right of a defendant to be free from burdensome and potentially harmful discovery. Based on the rationale of those decisions, the court concludes that the plaintiffs are entitled to a response to Request No. 26. Information about the customers of Scott Harris is clearly relevant since he is the broker who allegedly defrauded the plaintiffs. They are not entitled to a response to request number 18.[2]

*Request No. 30—Records of investigations and disciplinary proceedings.*

The information in this request is relevant but overbroad both in scope and in time. Accordingly, the court will compel a response to this request under the limitations which it has placed on other information—i.e. that the request will be limited to investigations and disciplinary proceedings relating to the marketing or sale of securities for a five year period.

### IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the motion to compel filed by the plaintiffs on December 18, 1997 be GRANTED in part as follows: On or before March 2, 1998, the defendants shall provide the plaintiffs with full and complete responses to Requests Nos. 9, 15, 16, 26 and 30 of the plaintiffs' First Request for Production of Documents with the following limitations: the responses to Requests Nos. 9, 15, 16 and 30 should be limited to lawsuits, complaints, grievances, disciplinary and administrative proceedings relating to the marketing and sale of securities commenced or filed from June 1, 1992 to the present.

The motion in all other respects is DENIED.

The clerk's office is directed to provide counsel for the parties with a copy of this order by facsimile.

---

**2.** Duke & Co. makes a cursory argument that information about customers constitutes a trade secret and that disclosure of the information will violate the privacy of the customers. The company showing on these issues is general and cursory and insufficient to sustain their objection. Further, any concerns about the use of the information can be allayed by the entry of a protective order.