Samuel J. ROWLIN, Jr., Plaintiff,

v.

ALABAMA DEP'T OF PUBLIC
SAFETY, et al.,
Defendants.

CIV. A. No. 00–D–580–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 27, 2001.

Ann C. Robertson, Laura M. Hitt, Gordon Silberman Wiggins & Childs, Birmingham, AL, for Plaintiff.

Robert E. Morrow, William G. McKnight, Montgomery, AL, for Defendant.

## *MEMORANDUM OPINION AND ORDER*

DE MENT, District Judge.

Two pleadings are before the court. The first is a Joint Motion For Protective Order, which was filed March 22, 2001. (Doc. No. 39.) The second is Defendants' Objections To Magistrate's Pre–Trial Order On Discovery, which were filed March 20, 2001. (Doc. No. 36.) After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that joint motion is due to be granted, and the objections are due to be overruled and sustained in part.

## I. STANDARD OF REVIEW

■ A district court reviews objections to pre-trial orders under Rule 72(a) of the Federal Rules of Civil Procedure. The court "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). The magistrate's orders should not be disturbed absent a clear abuse of discretion that leaves the reviewing court with " 'the definite and firm conviction that a mistake has been committed.' " *Germann v. Consolidated Rail Corp.*, 153 F.R.D. 499, 500 (N.D.N.Y.1994) (quoting *Nikkal Indus., Ltd. v. Salton, Inc.*, 689 F.Supp. 187, 189 (S.D.N.Y.1988)). *See generally* 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3069 at 351–56 (1997).

## II. FACTUAL BACKGROUND

Plaintiff is a black Alabama state trooper who alleges disparate workplace treatment via uneven application of workplace rules. Plaintiff was counseled and disciplined for several matters over the years.[1] Plaintiff argues that he was treated unevenly from similarly-situated white employees because of racial animus.

One of Defendants' arguments is that their employment decisions were based on legitimate race-neutral criteria. To undermine these reasons, Plaintiffs have requested access to the personnel files of every officer since 1996 who was counseled or disciplined for reasons similar to those contained in Plaintiff's personnel file.

Defendants complied with the magistrate judge's order to produce more than 100 files relating to various topics that are not the subject of this opinion. They object only to the order that they must search through more than 880 personnel files for particular evidence about each trooper who was "counseled or disciplined from 1996 to the present for reasons similar to the reasons for which plaintiff was counseled," including "all documents contained in their personnel files relating to such counseling or discipline and to their job evaluations, assignments, duties and compensation."[2]

Defendants state that the discipline and counseling records in the 880 personnel files are irrelevant. They also state that document retrieval, redaction of private matters, and photocopying would work a severe hardship.

## III. DISCUSSION

■ The court finds that Plaintiff has shown that the documents may be relevant, and Defendants have not demonstrated sufficient hardship to withhold the documents completely. However, as explained below, the court finds that the magistrate judge abused her discretion in requiring Defendants to produce documents in a manner

---

1. Plaintiff was disciplined in September 1990 and December 1991. The record does not reflect precisely how many times, if any, he was counseled for infractions.

2. March 12, 2001 Order at 3.

other than how they are kept in the usual course of business.[3] Thus, Defendants' objections will be overruled and sustained in part, and the scope of discovery will be limited accordingly. *See* FED. R. CIV. P. 26(b)(2), 34(b).

■ The federal discovery rules manifest a public policy in favor of disclosure of relevant materials. Relevancy is " 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.' " *Coker v. Duke & Co.*, 177 F.R.D. 682, 685 (M.D.Ala.1998) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)).

Rule 26(b) seeks to promote resolution of claims on their merits and to avoid unfair surprise. Yet one unfortunate consequence of our liberal discovery rules is that lawyers often attempt to bury opposing counsel in paperwork by requesting material that they don't really want and don't really need. This is particularly true in the employment law context, where it is universally known that a vindictive employee, an aggressive lawyer and a couple stray comments are all that one needs to embroil any employer in protracted, expensive litigation. *See EEOC v. Charoen Pokphand USA, Inc.*, 133 F.Supp.2d 1237, 1251 (M.D.Ala.2001).

■ Thus, courts have the duty to pare down overbroad discovery requests under Rule 26(b)(2), which provides that information may sometimes be withheld, even if relevant. The court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, discounted by society's interest in furthering the truthseeking function. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033–34 (9th Cir.1990) (denying § 1983 plaintiff access to personnel files of government employees because information relevant to employment case could have been obtained through interrogatories); *Aramburu v. Boeing Co.*, 885 F.Supp. 1434, 1444 (D.Kan.1995)

(same for plaintiff-employee's request to examine 1700 personnel files).

Here, the court has little hesitation in overruling Defendants' general objection that their personnel records are irrelevant to the showing of pretext. Disparate treatment plaintiffs often build their cases from pieces of circumstantial evidence, which cumulatively undercut the credibility of various explanations offered by the employer. *See Wilson v. Martin County Hosp. Dist.*, 149 F.R.D. 553, 555 (W.D.Tex.1993) ("personnel files can be central to plaintiff's efforts to prove pretext.")

Indeed, Defendants' own Motion For Summary Judgment discusses Plaintiff's alleged misconduct at length. Consequently, it is disingenuous, indeed, to contend that Plaintiff has no right, within reason, to probe for biases by the decisionmakers who mete out discipline. *See Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir.1991) (discovery of police department's disciplinary records).

Moreover, Plaintiff's case is brought against this state's highest law enforcement agency. Citizens rightly hold their public agencies to high legal, moral, and ethical standards. *See generally Paradise v. Prescott*, 585 F.Supp. 72 (M.D.Ala.1983), *aff'd*, 480 U.S. 149, 107 S.Ct. 1053, 94 L.Ed.2d 203 (1987) (imposing wideranging remedial measures for promotion and hiring of minority troopers by the Department of Public Safety).

Thus, the burden shifts to Defendants to justify their objection. The court rejects Defendants' attempt to absolve themselves of their production responsibilities by stating that they have "a difficulty maintaining the personnel files on a day-to-day basis," and do not have "sufficient personnel to review each of the 800 plus files to see if they meet the standard" set by the magistrate.[4]

■ "A mere showing of burden and expense is not enough." *Coker*, 177 F.R.D. at 686; *see also Baxter Travenol Labs., Inc. v. LeMay*, 93 F.R.D. 379, 383 (S.D.Ohio 1981) (requiring production of documents despite fact that record search of 2.8 million invoices

---

**3.** March 12, 2001 Order at 2 n. 1.

**4.** Brooks Aff. at 2.

would require hundreds of hours and involve $80,000 in copying costs); *Alexander v. Rizzo*, 50 F.R.D. 374, 376 (E.D.Pa.1970) (requiring responses to interrogatories despite claim that task would take hundreds of employees many years to complete).

This finding, however, does not mean that Defendants' objections will be overruled completely. This is not a class action. Rather, one individual plaintiff claims that he needs access to every state police record going back five years. While discovery requests need not be narrowly tailored, they also cannot sweep as broadly as this one. *See Sanchez,* 936 F.2d at 1034; FED. R. CIV. P. 26(b)(2).

In addition, Rule 34(b) expressly grants the producing party the choice whether to produce documents "as they are kept in the usual course of business or ... [to] organize and label them to correspond with the categories in the request."

Thus, under Rule 34, it is up to the producing party to decide how it will produce its records, provided that the records have not been maintained in bad faith. *See Kozlowski v. Sears, Roebuck & Co.,* 73 F.R.D. 73, 76 (D.Mass.1976) ("To allow a defendant whose business generates massive records to frustrate discovery by creating an inadequate filing system, and then claiming undue burden, would defeat the purposes of the discovery rules.")

■ The party complies with the rule if it affords opposing sides equal access to the information sought. *See* 8A WRIGHT & MILLER, *supra* § 2213 at 429–31. In addition, the party making records available for inspection need not always make copies for the discovering party. *See Lenard v. Greenville Mun. Separate Sch. Dist.,* 75 F.R.D. 448, 451 (N.D.Miss.1977); 8A WRIGHT & MILLER, *supra* at 432.

■ When a discovering party has sufficient resources to reproduce the documents itself, a court, in its discretion, may require the party to do so. By ordering the requesting party to internalize the reasonable costs of production, courts deter ambush attacks masquerading as discovery requests. Such an order is particularly appropriate when, as here, Plaintiff inexplicably delayed for eight months (until one month before the dispositive motion deadline) in requesting the voluminous records that he now claims are crucial.

Based on the foregoing, the court finds that part of the magistrate judge's order constitutes an abuse of discretion.[5] While the court is loathe to disturb her findings, the court finds that she either undervalued or did not consider Defendants' Rule 34 objections concerning the manner of document production.

Having reviewed the record as a whole, the court finds as follows: Defendants maintain their records in a reasonable manner, albeit one that would entail equal efforts by both parties to obtain the requested documents. Plaintiff has the financial resources to photocopy the documents he deems relevant. Defendants shall make available to Plaintiff's counsel their personnel files since May 1, 1998,[6] as they are customarily kept.[7] Plaintiff's counsel—and counsel alone—may review the documents and photocopy their records of choice, dated after April 30, 1998. Plaintiff's counsel may either bring photocopying equipment or mark the pages that they would like copied and pay Defendants a mutually agreeable copying rate.[8] Any and all materials reviewed are subject to the parties' Joint Protective Order. *See* FED. R. CIV. P. 26(c).

---

5. The erroneous portion of the magistrate's order gave Plaintiff the choice of reviewing the files at state trooper headquarters and substations or insisting that the files be xeroxed and mailed to Plaintiff. She also ordered Defendants to "inform plaintiff of the general contents of the relevant files ... and the extent to which they are duplicates of files kept in Montgomery." March 12, 2001 Order at 2 n. 1.

6. The court finds that discovery reaching back two years from the date of Plaintiff's Complaint is more than adequate.

7. To the extent that pre- and post-May 1998 records are intermingled, Plaintiff may rely only on the latter for purposes of this case.

8. The court will set a rate if the parties cannot reach agreement.

## IV.  ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Defendants' Objections To Magistrate's Pretrial Order On Discovery be and the same are OVERRULED AND SUSTAINED IN PART. The Joint Motion be and the same is hereby GRANTED.  Discovery shall proceed accordingly.