**Jessie J. BARNES, 09–B–2707, Plaintiff,**

**v.**

**John ALVES, et al., Defendants.**

**No. 01–cv–6559 EAW.**

United States District Court,
W.D. New York.

Signed March 31, 2014.

Jessie J. Barnes, Malone, NY, pro se.

Gary M. Levine, New York State Office of the Attorney General, Rochester, NY, for Defendants.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

### BACKGROUND

This case involves allegations that Defendants violated Plaintiff's civil rights through the unlawful use of excess force in 2001 and 2002. The case has been pending since November 26, 2001. (Dkt. 1). Plaintiff is currently proceeding *pro se,* and the case is scheduled for a bench trial to start on July 28, 2014. (Dkt. 386). Plaintiff is an inmate who is currently housed at the Upstate Correctional Facility in Malone, New York.

Discovery in the action was completed in 2008. (Dkt. 256). Since that time, Plaintiff has filed several motions to compel, and those motions have been denied by the Court. (Dkt. 337, 377). However, Plaintiff recently filed two motions to compel, seeking the production of the complete Inspector General report related to one of the incidents at issue in this litigation. (Dkt. 375, 381). The Court granted Plaintiff's motions, based primarily upon the fact that it appeared that Defendants had never produced the complete report to Plaintiff as part of discovery. (Dkt. 387).

In fact, Defendants initially failed to respond to Plaintiff's motions. (Dkt. 378). When Defendants did respond to the motions, their counsel simply cited to a previously-filed declaration submitted in connection with a prior motion to compel, with no attempt to address Plaintiff's allegations that the complete Inspector General report was never produced as part of discovery. (Dkt. 385). According to Plaintiff, it was that previously-filed declaration that alerted him to the incompleteness of Defendants' production. (Dkt. 375).

Now, Defendants have filed a motion for reconsideration. (Dkt. 388). In their motion, Defendants do not quarrel with the notion that they should be required to produce the Inspector General report, nor do they dispute that it is relevant to Plaintiff's allegations. Instead, Defendants argue that the Court mistakenly required Defendants to pay for the copying costs

associated with the report. Defendants contend that they should be required to "produce for inspection" the report, but not provide Plaintiff with a copy at no charge. (Dkt. 388–1 at ¶ 3). For the reasons set forth below, Defendants' motion is denied.

## *MOTION FOR RECONSIDERATION STANDARD*

Initially, it should be noted that even accepting Defendants' claim that a reasonable copying charge is 25 cents per page,[1] the purported cost of providing a copy of the 100–page report to Plaintiff is twenty-five dollars ($25.00). Under the circumstances, one cannot help but question Defendants' apparent belief that this motion is an efficient use of judicial resources.

■■■ The Federal Rules of Civil Procedure do not recognize a motion for "reconsideration." *Lopez v. Goodman,* No. 10–CV–6413, 2013 WL 5309747, at *1, 2013 U.S. Dist. LEXIS 135046, at *1 (W.D.N.Y. Sept. 20, 2013) (citing *Hamilton v. Williams,* 147 F.3d 367, 371 n. 10 (5th Cir.1998)). "Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Hill v. Washburn,* No. 08–CV–6285, 2013 WL 5962978, at *1, 2013 U.S. Dist. LEXIS 159731, at *2 (W.D.N.Y. Nov. 7, 2013) (citing *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989)). Because Defendants are requesting the reconsideration of an order, the Court construes their motion for reconsideration as a motion pursuant to Rule 60(b).

■■■ As noted by the Second Circuit, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992) (citations omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must have 'a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Village of Lakewood,* No. 11–CV–211–A, 2013 WL 5437370, at *3, 2013 U.S. Dist. LEXIS 139674, at *9 (W.D.N.Y. Sept. 27, 2013) (quoting *U.S. v. Adegbite,* 877 F.2d 174, 178 (2d Cir.1989)). "'These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court.'" *Boyde v. Osborne,* No. 10–CV–6651, 2013 WL 6662862, at *1, 2013 U.S. Dist. LEXIS 177084, at *2–3

---

1. Because the Court finds that Defendants should provide a copy of the report to Plaintiff at no charge, it does not resolve the issue of an appropriate copying charge for discovery documents under the circumstances. *See Hawks v. Diina,* No. 05CV156A, 2006 WL 2806557, at *3–4, 2006 U.S. Dist. LEXIS 70372, at *10 (W.D.N.Y. Sept. 27, 2006) (holding it was reasonable for non-party to charge 25 cents per page); *Obiajulu v. City of*

*Rochester,* 166 F.R.D. 293, 297 (W.D.N.Y. 1996) (finding reasonable copying costs to be charged to plaintiff could not exceed 10 cents per page); *see also Koehl v. Green,* No. 9:05–CV–0582, 2007 U.S. Dist. LEXIS 97182, at *6 (N.D.N.Y.2007) (rejecting Department of Correctional Services' customary copying charge of 25 cents per page, and finding that plaintiff should be charged a maximum of 10 cents per page).

(W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y.1999)).

On their motion for reconsideration, Defendants bear the burden to demonstrate that this Court made a clear error in directing Defendants to provide Plaintiff with a copy of the Inspector General report at their expense. Defendants fail to meet their burden.

### DEFENDANTS SHOULD PROVIDE PLAINTIFF WITH A COPY OF THE REPORT

█ Defendants present no evidence to contradict Plaintiff's argument that he was never provided the 100–page report as part of discovery, even though it is plainly relevant to the allegations in his lawsuit. Indeed, defense counsel tacitly acknowledges that the full report was never produced to Plaintiff when he states in his Declaration submitted in support of the motion for reconsideration:

> "Once inspected, plaintiff will see that *the bulk* of the Inspector General report is merely copies of previously provided reports, such as the use of force report, grievance, misbehavior reports, photographs and medical records."

(Dkt. 388–1 at ¶ 4) (emphasis added). In other words, while "the bulk" of the report may consist of previously produced documents, the entire report was apparently never produced, even though this litigation has been pending for over a decade. This conclusion is only buttressed by the fact that, pursuant to the Court's Local Rules, "all discovery materials in *pro se* cases shall be filed with the Court," L. R. Civ. P. 5.2(f), and there has been no evidence presented to the Court that the Inspector General report was ever filed with the Court.

Moreover, while Defendants make the conclusory argument that they should simply be required to "produce for inspection" the report (Dkt. 388–1 at ¶ 3), they make no effort to describe practically how that production for inspection would occur, nor do they offer any assurances that the inspection would occur expeditiously. In order to have an effective production for purposes of inspection, Defendants would have to·produce the report to Plaintiff at his place of incarceration, and they would have to ensure that Plaintiff had a sufficient amount of time to review the production under appropriate circumstances. *See Murray v. Palmer*, No. 9:03–CV–1010, 2006 WL 2516485, at *3, 2006 U.S. Dist. LEXIS 61218, at *9 (N.D.N.Y. Aug. 29, 2006) (finding defendants in action commenced by inmate pursuant to 42 U.S.C. § 1983 were required to produce for inspection a copy of Plaintiff's medical records to Plaintiff at his current correctional facility). *See also Koehl*, 2007 U.S. Dist. LEXIS 97182, at *5–6 (stating plaintiff should be afforded reasonable opportunity to review discovery production with monitoring by corrections officials).

█ Defendants are correct that Fed. R.Civ.P. 34 allows a party "to inspect and copy" relevant documents, and does not require a responding party to pay for copying costs, particularly when the materials are voluminous. *See Obiajulu*, 166 F.R.D. at 297 (where defendant intended to produce voluminous materials in response to plaintiff's document demands, plaintiff was required to have access to materials at defense counsel's offices, where plaintiff could bring his own portable copying machine and make copies). However, while that is the general rule under Rule 34, the Court "certainly retains the discretion to equitably alter the cost burden, and order production under appropriate circumstances." *Baum v. Village of Chittenango*, 218 F.R.D. 36, 41 (N.D.N.Y. 2003). Indeed, where the producing par-

ty's own conduct compels a more extensive production of documents, it is appropriate for that party to bear the cost burden of production. *See Samad Bros., Inc. v. Bokara Rug Co.,* No. 09 Civ. 5843, 2011 WL 4357188, at *5–6, 2011 U.S. Dist. LEXIS 105795, at *14–15 (S.D.N.Y. Sept. 19, 2011) (where defendant's failure to make a complete discovery production required a more extensive production of documents to ensure completeness, defendant was required to pay copying costs associated with production).

Here, trial is scheduled to begin on July 28, 2014. (Dkt. 386). By April 15, 2014, Plaintiff must file any additional requests to secure the presence of witnesses at trial, and by June 1, 2014, the parties must file their witness lists. (*Id.*). Plaintiff argued in his initial motions to compel that the Inspector General report was critical to his case, particularly since he believes it may reveal the identity of additional inmate witness statements. (Dkt. 375). Under the circumstances, where Defendants failed to produce the entire Inspector General report to Plaintiff as part of discovery even though it contains relevant information, there is good cause to require Defendants to pay for the copy they must produce to Plaintiff. *Cf. Magnello v. TJX Co.,* No. 3:05CV1176, 2007 WL 4105322, at *4, 2007 U.S. Dist. LEXIS 84856, at *12 (D.Conn. Nov. 15, 2007) (denying defendants' motion to compel plaintiff to pay for costs of copying documents requested, where defendant never provided plaintiff with an opportunity to inspect the responsive documents).

## CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration (Dkt. 388) is denied, and Defendants are directed to provide Plaintiff with a copy of the Inspector General report relating to the September 4, 2002 incident within the time frame set forth in the Court's Order of March 20, 2014. (Dkt. 387).

SO ORDERED.