**Teresa & Raymond GILBERT**
**Plaintiffs,**

**v.**

**MONACO COACH CORP. Defendant.**

**No. CIV.A.1:03–CV–328–JE.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 12, 2004.

plaint to Join an Additional Party Defendant [35]; plaintiffs' Motion to Stay Pretrial Order and All Other Matters Pending [36]; defendant's Motion to Exclude Plaintiffs' Report of Mike Wardingley[1] and Any Testimony Thereon [37]; defendant's Motions in Limine [43]; AND plaintiffs' Motion for Leave to File Supplemental Authority in Opposition to Defendant's Motion for Summary Judgment [45]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiffs' Motion to Amend the Complaint to Join an Additional Party Defendant [35] should be **DENIED**; plaintiffs' Motion to Stay Pretrial Order and All Other Matters Pending [36] should be **DENIED**; defendant's Motion to Exclude Plaintiffs' Report of Mike Wardingley and Any Testimony Thereon [37] should be **DENIED**; defendant's Motions in Limine [43] should be **GRANTED**; AND plaintiffs' Motion for Leave to File Supplemental Authority in Opposition to Defendant's Motion for Summary Judgment [45] should be **DENIED**.

Erik Scott Fortas, Krohn & Moss, Atlanta, GA, for Plaintiffs.

Michael David Hostetter, Mark Daniel Lefkow, Nall & Miller, Atlanta, GA, for Defendant.

### ORDER

CARNES, District Judge.

This case is presently before the Court on plaintiffs' Motion to Amend the Com-

## BACKGROUND[2]

This case arises out of plaintiffs' purchase of a recreational vehicle (the "RV"). Plaintiffs contend that they have experienced continuing problems with the RV, and defendant has been unable to repair it to their satisfaction. Plaintiffs brought suit alleging claims under the Uniform Commercial Code, state warranty law, and the Magnuson–Moss Warranty Act, 15 U.S.C. §§ 2301–12 (2003). In its Order granting in part and denying in part defen-

1. While both defendant and plaintiffs refer to this expert as "Mike Wardingly," the expert's report and deposition transcript indicate that his name is actually "Mike Wardingley."

2. For a more complete accounting of the underlying facts, see March 9, 2004 Order [34].

dant's motion for summary judgment, the Court dismissed plaintiffs' claims brought under the Uniform Commercial Code and state warranty law. The Court granted in part and denied in part defendant's motion for summary judgment as to claims brought under the Magnuson–Moss Warranty Act ("MMWA"). (*See* March 9, 2004 Order [34].)

Almost one month after the Court issued its summary judgment order, plaintiffs filed a motion for leave to amend to add a new party defendant. (*See* Mot. for Leave to Amend Compl. [35].) Plaintiffs also moved to stay the proceedings [36] until the Court ruled on that motion. Defendant has moved to exclude plaintiffs' expert report and any testimony thereon [37] in a motion that plaintiffs have opposed. Defendant also has filed various motions in limine [43]; plaintiffs have filed no opposition to these motions. The Court now addresses these motions.

## DISCUSSION

### I. PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT TO JOIN AN ADDITIONAL PARTY DEFENDANT

■ Plaintiffs filed this lawsuit on December 2, 2002. (Mot. for Leave to Amend [35].) Defendant answered on February 4, 2003 (Answer [2]), after which the parties participated in discovery. The parties filed their Preliminary Report and Discovery Schedule in March 2003 and agreed to certain deadlines in the case,

including deadlines for filing amended pleadings.[3] (*See* Preliminary Report and Discovery Schedule [9] at § 6(b).) In its Scheduling Order, the Court set the discovery deadline for July 4, 2003 and the deadline for summary judgment motions for July 24, 2003. (Scheduling Order [10].) Discovery was later extended so as to allow defendant the opportunity to depose plaintiffs' expert and the deadline for summary judgment motions was extended to twenty (20) days after that deposition was completed. (June 30, 2003 Order [19].) Plaintiffs' expert was deposed on July 23, 2003 (*see* Dep. of Mike Wardingley [25]) and defendant filed its motion for summary judgment [27] on August 12, 2003. The Court ruled on the summary judgment motion on March 9, 2004. (Order [34].) While the Court did not grant defendant's motion in its entirety, the Court did narrow the issues for trial, dismissing several of plaintiffs' claims. (*See generally id.*) On April 5, 2004, plaintiffs moved for leave to amend their complaint so as to add a new party defendant. (Mot. for Leave to Amend [35].)

■ Federal Rule of Civil Procedure 15(a) instructs that the court is to freely allow leave to amend when justice so requires.[4] FED. R. CIV. R. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). A district court need not grant leave to amend, however, if the proposed amendment would *unduly delay the proceedings*, unduly prejudice the defendant, or constitute an exercise in futility. *Maynard v. Bd. of Regents of Div. of Universities*, 342 F.3d 1281, 1287 (11th

---

3. The Preliminary Report and Discovery Plan stated that "Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless other-

wise permitted by law." (Preliminary Report and Discovery Plan [7] at § 6(b).)

4. The Court notes that plaintiffs incorrectly relied on Georgia law to support their motion.

Cir.2003) (internal citations omitted) (emphasis added).

■ A district court may deny a motion for leave to amend filed after " 'the close of discovery, past the deadline for amendments, and past the deadline for filing dispositive motions.' " *Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1218 (11th Cir.2004) (quoting *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir.2002)). In this case, the deadline for amending pleadings has passed, discovery has closed, defendant has filed its motion for summary judgment, and the Court has ruled on this motion. Plaintiffs filed this current motion almost one month after the Court issued its order on defendant's summary judgment motion. At this juncture, the parties have submitted their pretrial order and defendant has filed its request to charge [44]. The case is ready for trial. Adding a new defendant would force the parties to engage in new discovery. To add an additional party defendant at this stage in the litigation would unduly delay the proceedings.

For all of the above reasons, the Court **DENIES** plaintiffs' motion for leave to amend the complaint to add a new party defendant.

## II.  DEFENDANT'S MOTION TO EXCLUDE PLAINTIFFS' EXPERT REPORT AND ANY TESTIMONY THEREON

■ Defendant has moved to exclude the report of plaintiffs' expert, as well as any testimony he may offer, arguing that plaintiffs' expert does not meet the standards of admissibility. (Def.'s Br. in Supp. of Mot. to Exclude Report of Mike Wardingley and Any Test. Thereon, "Def.'s Br.," [37].) Plaintiffs, in their untimely response, argue that *Daubert* does not apply because their witness is not purporting to offer scientific evidence, although their witness could allegedly pass the *Daubert* test because he possesses the requisite skill, knowledge, and training to testify as an expert in the field of auto mechanics and his methodology comports with the general requirements in the field. (*See generally* Pls.' Resp. to Def.'s *Daubert* Mot. and Mot. for Summ. J.[5], "Pls.' Resp.," [40].)

■ As noted above, plaintiffs failed to timely respond to defendant's motion. Nevertheless, the Court has considered this response.[6] Federal Rule of Evidence 702 ("Rule 702") governs the admissibility of expert testimony. In relevant part, the Rule states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the wit-

5. As the Court has already ruled on defendant's motion for summary judgment (*see* March 9, 2004 Order [34] ) and there are no other summary judgment motions pending, the Court does not understand the style of plaintiffs' response.

6. Additionally, plaintiffs failed to include Mike Wardingley on their witness list filed with the Pretrial Order, which omission typically means that the individual cannot be called as a witness. As plaintiffs have indicated their intention to call Mr. Wardingley as a witness, through their response to defendant's motion to exclude him, the Court assumes that the omission was unintentional and that it will be corrected.

ness has applied the principles and methods reliably to the facts of the case. Fed.R.Evid. 702. The trial court must, however, act as a gatekeeper and determine, at the outset, whether the purported expert is qualified to express a reliable opinion based on sufficient facts or data and the application of accepted methodologies. *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). *See also Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 592–93, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).[7]

In the paradigm *Daubert* situation, a party seeks to use an expert witness to opine regarding causation in a matter where a lay finder of fact would be unable to discern the cause of a particular event, absent some guidance by someone with more knowledge or experience than the layperson. In such cases, the expert is allowed to offer an opinion because the Court determines that the finder of fact would be otherwise unable to reach a conclusion merely through an assessment of the credibility of witnesses or through the operation of the finder's own inductive abilities. The operative task for the typical expert witness, then, is the presentation of an opinion, along with an explanation of the methodology that led to the formation of the particular opinion.

This case does not involve the paradigm *Daubert* dispute, however, because plain-tiff's expert here appears unready to offer any opinions. Instead, it appears that Mr. Wardingley has merely confirmed, through a test drive and a visual and sensory inspection, that plaintiffs' RV does indeed suffer from the problems that plaintiffs have described. For example, Mr. Wardingley will confirm that he experienced a "sewage odor" from the vehicle "so repulsive that it almost made [him] sick to his stomach." (Wardingley Report, attach. as Ex. B to Def.'s Mot. [37].) Yet, it is not clear, from the very abbreviated deposition excerpt provided by defendant, that Mr. Wardingley has been able to offer any "opinion" as to the cause of this stench, or of any other problems that the RV has.[8] (Wardingley Dep., attach. as Ex. C to Def.'s Mot. [37] at 17–19.) As best the Court can tell from the limited materials before it, Mr. Wardingley can corroborate plaintiffs' testimony concerning the existence of certain problems, but he generally appears unable to offer an "opinion" as to the cause of these problems. As such, whether or not he is an expert—and he appears to be an expert in the general field of automotive mechanics—he is not offering an expert "opinion."

Accordingly, to the extent that Mr. Wardingley is offered only to corroborate plaintiffs' testimony concerning the existence of defects that they experienced, the Court will allow this testimony. Defen-

7. The district judge must also ensure that the expert's testimony is both relevant and reliable before it may be admitted, regardless of whether the testimony is scientific or based on technical or other specialized knowledge. *See Kumho,* 526 U.S. at 147, 119 S.Ct. 1167; *Daubert,* 509 U.S. at 589, 113 S.Ct. 2786. When the expert's testimony's "factual basis, data, principles, methods, or their application are called sufficiently into question, ... the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of the relevant discipline.'"

*Kumho,* 526 U.S. at 149, 119 S.Ct. 1167 (emphasis added) (quoting *Daubert,* 509 U.S. at 592, 113 S.Ct. 2786).

8. Likewise, his report indicates that the RV has problems with the electrical system, as the overhead light will not turn on and the microwave will not work. (Wardingley Report, attach. as Ex. B to Def.'s Mot. [37].) His report also indicates that the satellite television cannot locate television signals. (*Id.*)

dant could conceivably be denying that such defects exist and, therefore, corroboration of this fact, particularly by an auto mechanic, is helpful and relevant testimony. To the extent that Mr. Wardingley may offer opinions as to the causes of any defects, the Court cannot determine, based on the limited materials before it, whether such opinions will satisfy the *Daubert* test. Defendant had an opportunity to depose Mr. Wardingley and should have explored his opinions and the methodology for same. From defendant's summary of Mr. Wardingley's testimony, it sounds as if he has few opinions on the cause of the problems.[9] If so, no *Daubert* objection will arise. If Mr. Wardingley does, in fact, opine on any matter at trial, the Court will go through a *Daubert* analysis when, and if, that prospect arises. For now, however, the Court DENIES defendant's motion to exclude Wardingley as an expert witness [37].

## III. REMAINING MOTIONS

At the time that plaintiffs moved the Court to allow them to amend their Complaint, they also moved the Court to stay the action—in particular, the entry of a pretrial order—until a decision on that motion to stay. (Mot. to Stay [36].) Plaintiffs indicated that an amendment of the Complaint would require renewed discovery and would moot the pretrial order presented by the parties. The Court **DENIES** plaintiffs' motion as moot.

Also pending are defendant's Motions in Limine [43], to which plaintiffs have not responded. Under the Court's local rules, a failure to respond to a motion indicates that there is no opposition to that motion. *See* LR 7.1B, NDGa. Accordingly, the Court **GRANTS** defendant's Motions in Limine [43] as unopposed.

Plaintiffs have also moved for leave to file supplemental authority in opposition to defendant's motion for summary judgment [45]. Defendant has no summary judgment motion pending and had no motion pending when plaintiffs filed this pleading.[10] The Court, therefore, **DENIES** plaintiffs' motion [45].

## CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiffs' Motion to Amend the Complaint to Join an Additional Party Defendant [35]; **DENIES** plaintiffs' Motion to Stay Pretrial Order and All Other Matters Pending [36]; **DENIES** defendant's Motion to Exclude Plaintiffs' Report of Mike Wardingley and Any Testimony Thereon [37]; **GRANTS** defendant's Motions in Limine [43] as unopposed; AND **DENIES** plaintiffs' Motion for Leave to File Supplemental Authority in Opposition to Defendant's Motion for Summary Judgment [45].

9. This may not be a fatal omission as defendant has the burden of showing that the cause of any defect is not an item covered by the Limited Warranty. (March 9, 2003 Order [34] at 16.) Of course, to the extent that defendant can do so, it appears that plaintiffs may be unable to rebut such evidence.

10. Plaintiffs indicate in this motion, filed on August 18, 2004, that the Court had not yet ruled on the defendant's summary judgment motion. (Pls.' Mot. to File Supp. Authority [45] at ¶ 1). Yet, the Court had ruled on the referenced summary judgment motion on March 9, 2004. (*See* Order [34].)