Tenyika SAMS, et al., Plaintiffs,

v.

**GA WEST GATE, LLC,
et al., Defendants,**

**Georgia HAP Administrators,
Inc., Movant.**

**CIVIL ACTION FILE NO.
1:16-CV-3071-AT-JFK**

United States District Court,
N.D. Georgia,
Atlanta Division.

Signed September 13, 2016

---

**4.** *Korn v. Paul Revere Life Ins. Co.,* 382 Fed.Appx. 443, 449 (6th Cir. 2010).

**5.** Fed. R. Civ. P. 16(b)(4).

**8.** *Korn,* 382 Fed.Appx. at 450.

**9.** *Id.*

**10.** *Id.*

**11.** *Commerce Benefits Grp. v. McKesson Corp.,* 326 Fed.Appx. 369, 376 (6th Cir. 2009).

S. Wesley Woolf, S. Wesley Woolf, P.C., Savannah, GA, for Plaintiffs.

David A. Pope, Matthew R. Hall, Spivey, Pope, Green & Greer, LLC, Macon, GA, for Movant.

### ORDER

JANET F. KING, UNITED STATES MAGISTRATE JUDGE

Pending before the court is Movant Georgia HAP Administrators, Inc.'s ("GA HAP") d/b/a National Housing Compliance ("NHC")

motion [Doc. 1] to quash a Fed. R. Civ. P. 45 subpoena duces tecum served by Plaintiffs.[1] This is an ancillary jurisdiction discovery dispute arising out of litigation pending in the District Court for the Southern District of Georgia, Sams, et al. v. GA West Gate, LLC, et al., Civil Action No. 4:15–CV–00282. Plaintiffs responded opposing the motion to quash [Doc. 6] and filing a cross-motion [Doc. 6] to compel compliance with the subpoena. GA HAP has not filed a reply in support of the motion to quash nor a response opposing the motion to compel, and the deadline for filing a timely reply or response has elapsed; accordingly, the court treats the motion to compel as unopposed.[2] See Magluta v. Samples, 162 F.3d 662, 664–65 (11th Cir. 1998) (granting a motion for failure to respond is within the discretion of the district judge); Gilbert v. Monaco Coach Corp., 352 F.Supp.2d 1336, 1341 (N.D. Ga. 2004) (granting as unopposed under local rule motions in limine); Southern Electronics Distributors, Inc. v. Air Express Int'l Corp. (USA), Inc., 994 F.Supp. 1472, 1475 (N.D. Ga. 1998) (granting motion as unopposed in accordance with local rule). Nevertheless, the court will consider the merits of the motion to compel—as well as the motion to quash, and in doing so, the court accepts as the factual basis for ruling on the motions the background facts stated in the motions pending before the court.

## I. Background Facts

The litigation in the Southern District of Georgia involves allegations of housing discrimination against the African-American tenants of the Westgate Apartments ("Westgate") in Garden City, Georgia. [Doc. 6 at 1; Thomas Kayes Declaration ("Dec.") ¶ 1, Exh. 1 ("Complaint") ]. According to the Complaint, Westgate is affordable housing; the construction of the complex being financed by the Housing and Urban Development ("HUD") agency which requires that the complex be operated as affordable housing for poor families. [Complaint ¶¶ 21-22]. HUD entered a Housing Assistance Payment ("HAP") contract with Westgate capping each tenant's rent share at 30% of household income and with HUD paying the difference in rent. [Id. ¶ 22]. According to Plaintiffs, GA HAP acts on behalf of some of the named Defendants as the HAP contract administrator for Westgate. [Doc. 6 at 2].

Plaintiffs allege that after 2008, conditions at Westgate deteriorated and that the City Police Department became involved in Westgate "management decisions as a means of suppressing tenants' demands." [Complaint ¶ 23]. The Complaint sets forth the alleged history of that involvement and harassment of tenants including, in February 2012, Westgate management, assisted by local police, serving 29 unjustified eviction notices on African-American families. [Id. ¶¶ 24-47]. Westgate only followed-up the notices by filing four eviction actions; each action was dismissed. [Doc. 6 at 1; Complaint ¶¶ 29-35]. A second, also unsuccessful, round of eviction notices and eviction actions occurred in December 2013 through March 2014. [Complaint ¶¶ 45-47].

On June 18, 2016, Plaintiffs issued a Rule 45 subpoena duces tecum to GA HAP, principle office address at 1975 Lakeside Parkway, Suite 310, Tucker, DeKalb County, Georgia, for return to Brancart & Brancart, 8205 Pescadero Road, Loma Mar, California, on July 11, 2016.[3] [Doc. 1 at 2; Exh. A]. The subpoena seeks:

> Any document [meaning any writing or record of any kind, including electronically stored data and photographs]—created, received, dated, or sent at any time after December 31, 2011—regarding **The Pines at Garden City aka Westgate Apart-**

---

1. Plaintiffs served Rule 45 subpoenas on both GA HAP and NHC. [Doc. 1, Exh. A]. GA HAP contends that NHC does not exist but that GA HAP does business as NHC. [Doc. 1 at 3]. Plaintiffs apparently agree and state that the issues before the court only concern the subpoena to GA HAP. [Doc. 6 at 2]. Accordingly, GA HAP's motion to quash the subpoena to NHC is **GRANTED.**

2. This rule provides, in pertinent part, "Failure to file a response shall indicate that there is no opposition to the motion." L.R. 7.1B, N.D. Ga.

3. The court entered an order staying compliance with the subpoena pending resolution of the motion to quash. [Docket Entry dated July 7, 2016].

**ments**, located at 145 Wheathill Road in Garden City, GA . . . .[4]

[Id. (emphasis in original)].

Additional background facts will be set forth as necessary during discussion of the pending motions.

## II. Discussion

GA HAP asserts three grounds in seeking to quash the subpoena duces tecum. First, Movant states that the subpoena's direction to produce the documents in Loma Mar, California, exceeds the 100 mile geographical limitation established in Rule 45(c)(2)(A) because its principle place of business is located in Tucker, Georgia, and its regional office is located in Chicago, Illinois. [Doc. 1 at 4]. Second, GA HAP contends that the subpoena is too broad and that "some" of the responsive documents "could include information that is proprietary and confidential" and "not suitable for dissemination to third-parties." [Id.]. And, finally, Movant asserts that the subpoena will subject it to "an undue burden as the documentation sought could require many hours of retrieval and review" and "would certainly interrupt Movant's business operations and cause undue expense to the Movant." [Id. at 4–5]. The allegations set forth above are the sum total of the arguments and information provided by GA HAP in support of the motion to quash. [Doc. 1].

In response, and in support of the motion to compel, Plaintiffs advise that they attempted to resolve the outstanding motion to quash with GA HAP by agreeing to modify the place of production to GA HAP's place of business; by agreeing to a confidentiality provision for all documents not otherwise public records, such as, documents produced to HUD; and by agreeing to initial production of "the easiest to obtain electronic documents" and seeking additional documents "if, and only if, the first round of documents pointed to additional, relevant evidence." [Doc. 6 at 2-3]. When Plaintiffs received no response to the offer to modify the subpoena, they filed the response and motion to compel. As noted, GA HAP has not replied in support

of the motion to quash or in response to the motion to compel.

For the following reasons, the court **GRANTS IN PART** and **DENIES IN PART** the motion to quash and the motion to compel compliance with the subpoena duces tecum as modified herein.

 The court will first address the objection to the subpoena based on the geographical limitation set forth in Rule 45(c). Rule 45 provides in pertinent part as follows:

(c) Place of Compliance. . . .

(2) For Other Discovery. A subpoena may command:

(A) production of documents, electronically stored information, or other tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . .

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c) . . . .

Fed. R. Civ. P. 45(c) & (d) (emphasis deleted). As Plaintiffs acknowledge, the subpoena issued to GA HAP violates the geographical limitation because it requires an entity located in Georgia—or in Illinois—to produce documents in California clearly a location over 100 miles from where GA HAP is located. However, Plaintiffs are correct that this violation does not require that the subpoena be quashed; the court may modify the subpoena to comply with the requirements of the Rule. See In re: Subpoena Upon Nejame Law, PA., 2016 WL 3125055, at *2–3 (N.D. Ill. June 3, 2016) (because the entity issuing the subpoena agreed to modify the subpoena to allow production within the geographical limits of Rule 45, the court adopted that modification satisfying the 100 mile limit and held that

---

**4.** The subpoena provided additional identifiers for Westgate. [Doc. 1; Exh. A].

"quashing the subpoena under Rule 45's geographical limits is unnecessary").

The court modifies the subpoena to GA HAP to allow for production at Movant's offices located in Tucker, Georgia, or to allow service of responsive documents by email—the choice to be made by GA HAP.

■■■ The court next addresses GA HAP's assertion of undue burden. Rule 45 provides the circumstances under which a court must or may limit the production of otherwise relevant discovery.[5] Fed. R. Civ. P. 45(d). The Rule provides for a subpoena to be quashed or modified if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). In this regard, the Rule states in pertinent part:

> (d) Protecting a Person Subject to a Subpoena; Enforcement.
>
>> (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena . . . .

Fed. R. Civ. P. 45(d)(1). " '[T]he factors required to be balanced by the trial court in determining the propriety of a subpoena are the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena.' " Plant Genetic Sys., N.V. v. Northrup King Co., Inc., 6 F.Supp.2d 859, 861 (E.D. Mo. 1998) (quoting Heat and Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986)). The third-party objecting to the production of records must demonstrate undue burden. See DatCard Sys., Inc. v. PacsGear, Inc., 2011 WL 2491515, at *2 (D. Minn. April 25, 2011) (the third-party's "bare-bones claims of hardship are inadequate to meet its 'oppressive' burden"); British Int'l Ins. Co., Ltd. v. Seguros La Republica, S.A., 200 F.R.D. 586, 590 (W.D. Tex. 2000) (a

person seeking to quash or modify a subpoena must meet a "heavy burden of establishing that compliance with the subpoena would be unreasonable and oppressive") (citation and internal quotation marks omitted); Sentry Ins. v. Shivers, 164 F.R.D. 255, 256 (D. Kan. 1996) (same).

■■■ The court finds that Plaintiffs have established [Doc. 6 at 5-6] that GA HAP "has done little more than make the bare assertion that it is burdensome for it to comply with the . . . subpoena." Plant Genetic Sys., 6 F.Supp.2d at 862. As noted, GA HAP's entire argument on this ground is that the subpoena will subject it to "an undue burden as the documentation sought could require many hours of retrieval and review" and "would certainly interrupt Movant's business operations and cause undue expense to the Movant." [Doc. 1 at 4-5]. This is insufficient. " 'A mere showing of burden and expense is not enough.' " Rowlin v. Alabama Dep't of Public Safety, 200 F.R.D. 459, 461 (M.D. Ala. 2001) (citation omitted); see also Sentry Ins., 164 F.R.D. at 257 (finding that "[b]ald assertions of emotional and financial stress . . . do not suffice" to establish an adequate reason to quash a subpoena). When considered in light of Plaintiffs' agreement to modify the subpoena to provide for a rolling production of documents and GA HAP's failure to respond to that offer or demonstrate why the modification of the subpoena does not alleviate its concerns, the court finds that GA HAP has not carried its burden.

The court modifies the subpoena to GA HAP to provide for an initial production, within twenty-one days of entry of this order, of electronic[6] documents responsive to the subpoena and, if, and only if, the electronic documents point to additional, relevant documents, may Plaintiffs seek production of paper documents responsive to the subpoena.

---

**5.** GA HAP's objections to the subpoena do not include any arguments that the subpoenaed materials are not relevant to the litigation pending in the Southern District of Georgia. [Doc. 1].

**6.** The court notes that the subpoena seeks five years of materials of a broad scope. While this modification will alleviate the immediate need

for GA HAP "to dig paper files out of storage," despite Plaintiffs' assurances [Doc. 6 at 5], the court remains sensitive to concerns GA HAP may have, but has not adequately articulated, with retrieving data from back-up systems or other types of legacy software. The attorneys are directed to confer to resolve issues that might arise of this nature.

██ Finally, GA HAP seeks to quash the subpoena because compliance *could* require disclosure of proprietary and confidential information. [Doc. 1 at 4]. Rule 45 provides in pertinent part that a subpoena *may* be quashed or modified to "protect a person subject to … a subpoena" if it requires "disclosing a trade secret or other confidential research, development, or commercial information …." Fed. R. Civ. P. 45(d)(3)(B)(i). Accordingly, "Rule 45(c)(3)(B) authorizes a court to quash or modify a subpoena if it requires disclosure of a trade secret or other confidential research, development, or commercial information." Fadalla v. Life Automotive Products, Inc., 258 F.R.D. 501, 504 (M.D. Fla. 2007). However, " '[t]here is no absolute privilege for trade secrets or similar confidential information.' " Speed Trac Technologies, Inc. v. Estes Express Lines, Inc., 2008 WL 2309011, at *4 (D. Kan. June 3, 2008) (citation omitted). "The party resisting discovery must first establish that the information sought is a trade secret [or otherwise confidential] and then demonstrate its disclosure might be harmful." Id.; see also Fadalla, 258 F.R.D. at 504 (same); Gonzales v. Google, Inc., 234 F.R.D. 674, 684 (N.D. Cal. 2006) (same). If that showing is made, "the burden shifts to the requesting party to show a 'substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated.' " Gonzales, 234 F.R.D. at 684 (citation omitted); and see Speed Trac, 2008 WL 2309011, at *4 (same). If the requesting party establishes these facts, " 'the court may order appearance or production only upon specified conditions.' " Gonzales, 234 F.R.D. at 684 (citation omitted). Those conditions often include protective measures, such as confidentiality orders. Id. at 686 ("Generally, the selective disclosure of protectable trade secrets is not per se unreasonable and oppressive, when appropriate protective measures are imposed.") (citation and internal quotation marks omitted).

GA HAP has failed to make the initial showing that the materials sought by the subpoena are actually proprietary and confidential and has failed to demonstrate how it will be harmed by disclosure. Movant's conclusory statement that the subpoena is too broad and that *"some"* of the responsive documents *"could* include information that is proprietary and confidential" and "not suitable for dissemination to third-parties" does not come close to carrying its burden. [Doc. 1 at 4 (emphasis added) ]. Accordingly, Plaintiffs are not required to demonstrate a substantial need for the documents that cannot be satisfied by obtaining the information from other sources. And Plaintiffs have agreed to a confidentiality provision that treats all documents as protected excepting those documents that, because they are provided to HUD, are public records. See, e.g., DatCard Sys., Inc., 2011 WL 2491515, at *2 (as to the claim that production of the documents would require disclosure of highly sensitive proprietary information, the court found the claim "unfounded in light of the Protective Order in the underlying case"); Ford Motor Co. v. Edgewood Properties, Inc., 2010 WL 4687820, at *4 (D.N.J. November 10, 2010) (recognizing "that there is an important privacy interest in [corporate] financial documents, the Court agrees that the information can be protected[; t]herefore, the Court … require[d] that the information be disclosed pursuant to a confidentiality order, only to be used in connection with this litigation"); Medical Technology, Inc. v. Breg, Inc., 2010 WL 3734719, at *5 (E.D. Pa. September 21, 2010) (finding that any confidentiality concerns "associated with production according to the terms of the subpoenas are cured by the general Protective Order issued in the underlying Texas litigation"); Gomez v. J.R. Hycee Conyeor Co., Inc., 2008 WL 64675, at *1 (E.D. N.Y. January 4, 2008) (finding that the defendant's "proposal to enter into a protective order limiting the use of the documents produced to this litigation … adequately addresses [the third-party's] interest in keeping its proprietary information confidential").

Accordingly, GA HAP's motion to quash on the grounds of the alleged confidentiality of some of the subpoenaed documents is **DENIED**; however, the documents produced in response to the subpoena are **CONFIDENTIAL** except to the extent provided to HUD

and, therefore, constituting public documents.

### III. Conclusion

For the foregoing reasons and cited authority, the court **GRANTS IN PART AND DENIES IN PART** GA HAP's motion [Doc. 1] to quash the subpoena duces tecum and Plaintiff's cross-motion [Doc. 6] to compel compliance as discussed *supra* and summarized as follows:

(1) The court modifies the subpoena to GA HAP to allow for production at Movant's offices located in Tucker, Georgia, or to allow service of responsive documents by email—the choice to be made by GA HAP;

(2) The court modifies the subpoena to GA HAP to provide for an initial production, **within twenty-one days of entry of this order,** of electronic documents responsive to the subpoena and, if, and only if, the electronic documents point to additional, relevant documents, may Plaintiffs seek production of paper documents responsive to the subpoena; and

(3) The documents produced in response to the subpoena are deemed **CONFIDENTIAL** except to the extent provided to HUD and, therefore, constituting public documents.

The court **GRANTS** GA HAP's motion [Doc. 1] to quash the subpoena duces tecum to NHC as unopposed.

The Clerk is **DIRECTED** to terminate this reference.

**SO ORDERED** this 13th day of September, 2016.